# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 14-00434-KD-N |
| | ) |
| WILLIAM N. LUCY, | ) |
|     Defendant. | ) |

## ORDER

This action is before the Court on the notice of removal (Doc. 1) filed *pro se* by Defendant William N. Lucy ("Lucy"). Lucy seeks to remove to this Court a pending criminal action against him in the Circuit Court of Mobile County, Alabama, Case No. CC-2013-005332.[1] Upon consideration and for the reasons set forth herein, this action is **REMANDED** to the Circuit Court of Mobile County, Alabama.

---

[1] Lucy has not paid a filing fee in connection with his notice of removal. Generally, in civil actions, "[b]ecause removal to federal court constitutes an initial case filing, the removing party is required to pay the [statutory ]filing fee." *Hagner v. Seminole Cnty.*, No. 607CV-1464-ORL-31AUM, 2007 WL 3407387, at *3 (M.D. Fla. Nov. 13, 2007) (citing 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350…")). However, "[f]iling fees are not to be collected in connection with criminal removal petitions." *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964). *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*) (adopting as binding precedent in the Eleventh Circuit all decisions issued by the Fifth Circuit before October 1, 1981); *Georgia v. Castaneira*, No. 1:11-CV-3054-TWT-JFK, 2011 WL 5514000, at n.2 (N.D. Ga. Oct. 11, 2011) ("Petitioner has not paid a filing fee. Because filing fees are not required for removal of a criminal action under [28 U.S.C. ]§ 1443, it is not necessary to grant Petitioner *in forma pauperis* status in this action." (citing *Lefton*, 333 F.2d at 285)), *report and recommendation adopted*, No. 1:11-CV-3054-TWT, 2011 WL 5514011 (N.D. Ga. Nov. 9, 2011).

Lucy cites 28 U.S.C. § 1446(b) as the basis for removal. However, § 1446(b) applies to removal of civil cases. Moreover, as Lucy does not claim he is a federal officer or member of the armed forces, he cannot remove his criminal action under 28 U.S.C. §§ 1442 or 1442a.

Title 28 U.S.C. § 1455, effective December 7, 2011, governs removal of state criminal actions and sets forth in relevant part as follows:

> (a) Notice of removal. A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements. (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455.

Lucy has not complied with § 1455(a) because he did not provide the Court "with a copy of all process, pleadings, and orders served upon" him in the criminal action. Also, he has not shown compliance with the procedural requirements listed in § 1455(b)(1) because he did not allege or establish that his notice of removal was timely filed or allege good cause for an untimely notice.

The statute also provides that when a notice of removal of a criminal action is filed, the District Court "shall examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall

make an order for summary remand." 28 U.S.C. § 1455(b)(4). In that regard, 28 U.S.C. § 1443 permits removal of the following "criminal prosecutions[] commenced in a State court":

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

> The Supreme Court has held that a notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *See Johnson v. Miss.,* 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L.Ed.2d 121 (1975) (citing *Georgia v. Rachel,* 384 U.S. 780, 86 S. Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood v. Peacock,* 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)). First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of *racial equality*." *Johnson,* 421 U.S. at 219 (emphasis added) (citation internal quotation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. *Id.* Similarly, assertions that a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). *Id.* (citation omitted).
>
> Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." *Johnson,* 421 U.S. at 219. This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.* (citation and internal quotation omitted).
>
> Under Section 1443(1),
>
>> the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.
>
> *City of Greenwood,* 384 U.S. at 828. Failure to satisfy either prong of the two-

pronged test is fatal to removal. *Williams v. State of Miss.,* 608 F.2d 1021, 1022 (5th Cir. 1979); *Provident Funding Associates, LP v. Obande,* 414 Fed. App'x 236 (11th Cir. 2011).

*Moore-El v. Town of Summerdale*, Civil Action No. 13-00508-KD-B, 2013 WL 6185669, at *2 (S.D. Ala. Nov. 26, 2013) (footnote omitted).

In support of removal, Lucy alleges that "this case involves 'due process of law' " and that he doesn't "feel that he can get a fair trial in state court because the plaintiff (State of Alabama) in this case is the defendant in a civil case brought by" Lucy in federal court and because "the judge in this instant case is a defendant in a civil case brought by this defendant now pending" in this Court "for false imprisonment[.]"[2] (Doc. 1 at 1-2). Lucy also claims that his criminal action "stems from a civil action filed by [him] against the Mobile County Circuit Clerk." (*Id.* at 2). Arguably, Lucy has made a "short and plain statement" of his grounds for removal. 28 U.S.C. § 1455(a).

However, Lucy's notice of removal does not satisfy either prong of the *Johnson* test for removal under § 1443(1). Nowhere in the notice does he claim that he is being deprived of a specific civil right stated in terms of racial equality. On the contrary, his claim that he will be denied "due process" mentions no racial implications at all and states only a broad constitutional guarantee of general applicability. Regarding the second prong of the *Johnson* test, "[a]s the Supreme Court has made clear, charges that the defendant is unable to obtain a fair trial in a particular state court are insufficient to support removal under § 1443(1).

> As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial, that the charges are false, or even that the defendant is unable to obtain a fair trial in a particular state court. *Alabama v. Conley,* 245 F.3d 1292, 1297 (11th Cir.2001). Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly

---

[2] S.D. Ala. Case No. 1:14-cv-185-CG-B (in which Mobile County Circuit Judge Joseph Johnston is a defendant).

predicted that the very act of bringing a defendant to trial will deny those rights. *Id.* Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue. *See id.,* 245 F.3d at 1298.

*Moore-El*, 2013 WL 6185669, at *3.

"The allegedly corrupt or otherwise improper motives of an individual state court judge do not show that [Lucy] will be unable…to raise any due process claims he may have in either the state court action or a separate action in federal court." *Alabama v. Conley*, 245 F.3d 1292, 1298-99 (11th Cir. 2001). Moreover, "[i]n the instant case, there is no basis for finding that [Lucy] is immunized from the criminal charge that the [State of Alabama] has brought against him. Therefore, [Lucy] has failed to satisfy the second prong of the removal test for § 1443(1)." *Moore-El*, 2013 WL 6185669, at *3. Indeed, Lucy has not even cited a particular civil rights act as a basis for removal.

> § 1443(2)…provides removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The first clause under § 1443(2), dealing with "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Taylor v. Phillips,* 442 Fed. App'x 441, 443 (11th Cir. 2011) (citing *City of Greenwood,* 384 U.S. at 824. The second clause under § 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the right to remove only to state officers. *City of Greenwood,* 384 U.S. at 824. (citations omitted).

*Id.* Lucy "has not shown that he is a state or federal officer, or working for one. Thus, he could not properly remove the case under § 1443(2)." *Id. See also Bell v. Taylor*, 509 F.2d 808, 809 n.1 (5th Cir. 1975) ("28 U.S.C.A. s 1443(2) is inapplicable because it covers only federal officers and those acting under them.").

> [T]he rules of notice pleading apply with as much vigor to petitions for removal as they do to other pleadings, which, according to Rule 8(f) of the Federal Rules

of Civil Procedure, 'shall be so construed as to do substantial justice.'[3] The statute requires that the petition for removal contain 'a short and plain statement of the facts which entitle him or them to removal.' 28 U.S.C.A. 1446.[4] The Supreme Court has held that the removal must be effected by the filing of 'a verified petition setting forth, agreeably to the ordinary rules of pleading, the particular facts, not already appearing, out of which the right arises.' *Chesapeake & Ohio Railway Co. v. Cockrell*, 1914, 232 U.S. 146, 151, 34 S. Ct. 278, 280, 58 L. Ed. 544.[5] It is plain, therefore, that the petition is to be construed 'agreeably to the ordinary Rules of pleading' since in fact the petition for removal is the basis for the federal court's jurisdiction and it is a pleading of the facts necessary to vest jurisdiction in the federal court.

*Rachel v. State of Georgia*, 342 F.2d 336, 340 (5th Cir. 1965), *aff'd*, 384 U.S. 780 (1966). *Accord Achtenberg v. State of Mississippi*, 393 F.2d 468, 470 (5th Cir. 1968) ("When the *Rachel* case was before it, this Court especially considered the application of the liberal rules of pleading as provided for under the Federal Rules of Civil Procedure to the statute relating to Removal Petitions. We there held that the liberal rule of Notice-Pleading is applicable to petitions for removal.").

"The test of removability is comparable to the test for the existence of federal jurisdiction- the well pleaded petition of the petitioner. This test of removability is governed, in the first instance, by the content of the petition..." *Walker v. State of Ga.*, 417 F.2d 5, 8 (5th Cir. 1969). Lucy has failed to plead sufficient facts to indicate that this Court has removal jurisdiction under § 1443 over his state criminal action. "If at any time before final judgment it

---

[3] This rule is now embodied in Federal Rule of Civil Procedure 8(e) ("Pleadings must be construed so as to do justice.").

[4] The Circuit Court addressed the removal of a criminal action and entered its decision before the enactment of 28 U.S.C. § 1455. However, § 1455(a), as § 1446(a), requires that the removal petition contain a short and plain statement of the grounds for removal of the criminal action.

[5] "The requirement that a verified petition be part of the removal papers was eliminated and in its place [§ 1446](a) now requires a notice of removal signed pursuant to Rule 11[of the Federal Rules of Civil Procedure]." David D. Siegle, *Commentary on 1988 Revision of Section 1446* (West) (noted in 28 U.S.C.A. § 1446 (West)).

6

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is true that the general rules of notice pleading apply to notices of removal in this Circuit, and "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*)[6]). However, upon consideration of the notice of removal, the undersigned is of the opinion that any amendment of the notice to allow for removal of Lucy's state criminal action under § 1443 would be futile.

Accordingly, this action is **REMANDED** to the Circuit Court of Mobile County, Alabama, pursuant to 28 U.S.C. § 1447(c).

**DONE** this the 22nd day of September 2014.

                                                  s/ Kristi K. DuBose
                                                  KRISTI K. DuBOSE
                                                  UNITED STATES DISTRICT JUDGE

---

[6] "Although *Wagner* overruled *Bank* as to counseled litigants, it specifically stated that it did not address *pro se* litigants. Thus, the *Bank* rule remains applicable to *pro se* litigants when their complaints are dismissed with prejudice." *Jemison*, 380 F. App'x at 907 n.3 (citing *Wagner,* 314 F.3d at 542 n.1) (internal citation omitted).