# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-00434-KD-N |
| ) | |
| WILLIAM N. LUCY, ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court on the motion to reconsider the order remanding this criminal action to the Circuit Court of Mobile County, Alabama filed *pro se* by Defendant William N. Lucy ("Lucy") (doc. 3). Upon consideration and for the reasons set forth herein, the motion is DENIED.

In general, an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d). However, an exception exists for "an order remanding a case . . . pursuant to section . . . 1443 of this title[.]" *Id..* Lucy's action was removed on basis of 28 U.S.C. § 1443. Thus he falls within the exception and the order of remand may be reviewed "otherwise", *i.e.,* on motion for reconsideration. *Cook County State's Attorney ex rel. Devine v. Tyler,* 2007 WL 2028547, *1 (N.D. Ill. July 10, 2007) ("We have jurisdiction to reconsider an order of remand not, as defendant claims, pursuant to Fed. R. Civ. Pro. 59(e), but pursuant to 28 U.S.C. § 1447(d), which permits the review 'by appeal or otherwise' of actions removed under 28 U.S.C. § 1443."); *Sanders v. Bishop,* 243 F. 3d 549 (9th Cir. 2000) (affirming district court's decision to order remand on an action removed pursuant to 28 U.S.C. § 1443 and finding no abuse of discretion in the district court's denial of the motion to reconsider the remand order).

As grounds in support of his motion, Lucy argues that he incorrectly stated in his removal petition that removal was proper under 28 U.S.C. § 1446(b) but removal of a criminal action is proper under 28 U.S.C. § 1455. He also argues that he has a constitutional right to an unbiased trier of fact or judge when accused of a crime and that "everyone has the right to an effective remedy by the competent national tribunals for acts violating the fundamental rights granted him by the constitution or by law." (Doc. 3)

The Eleventh Circuit specified the following primary grounds for granting a motion for reconsideration: an intervening change in controlling law, newly-discovered evidence or newly available facts, and clear error of law or fact or manifest injustice. *Caraway v. Secretary, U.S. Dept. of Transp.*, 550 Fed. Appx. 704, 2013 WL 6570942, *6 (11th Cir. Dec. 16, 2013) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007) (internal quotation marks omitted); *Fenello v. Bank of America, NA*, - - - Fed. Appx. - - - , 2014 WL 3906468, *3 n.7 (11th Cir. Aug. 12, 2014) (finding that the district court did not err in denying the motion to reconsider because plaintiffs "did not identify any intervening change in controlling law or newly available facts that justified reconsideration of the dismissal of their complaint, and they failed to show that the dismissal was based on a clear error or resulted in manifest injustice.") The Eleventh Circuit has also explained that a motion to reconsider is not meant to "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." *Frantz v. Walled,* 513 Fed.Appx. 815, 822 (11th Cir.2013) (citing *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir.2005)).

Although Lucy did not reference 28 U.S.C. § 1455 as the proper procedural statute, the Court applied § 1455 in its analysis of the removal. Moreover, the Court previously considered Lucy's argument that he is entitled to an impartial tribunal and that his constitutional rights may

be violated.  None of the grounds for granting a motion for reconsideration appear to be present; therefore, the motion is due to be denied.

**DONE** this the 7th day of October 2014.

                                                  s/ Kristi K. DuBose
                                                  KRISTI K. DuBOSE
                                                  UNITED STATES DISTRICT JUDGE